# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>MR. J. BURNS, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00489-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE FILING FEE<br><br>FOURTEEN DAY DEADLINE |

Allen Hammler ("Plaintiff"), a state prisoner, is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint and a motion to file a new case in this action on April 6, 2020. Plaintiff did not pay the filing fee or submit an application to proceed in this action *in forma pauperis*. Plaintiff's motion states that he is subject to a prefiling order. However, Plaintiff is subject to a prefiling order in the Southern District of California due to being found to be a vexatious litigant. See Hammler v. Alvarez, No. 3:18-cv-00326-AJB-WVG (S.D. Cal. Aug. 13, 2019). Plaintiff does not include a copy of the order in his current filing. The Court does not find a prefiling order in the Eastern District of California for Plaintiff.

The Court is familiar with Plaintiff as he frequently files actions in this district. The Court has previously found that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] See Hammler v. State of California, No. 1:19-cv-01057-LJO-SAB (E.D. Cal. Nov. 2, 2019) findings and recommendations adopted November 4, 2019).

The Court takes judicial notice of the following cases: (1) Hammler v. Kernan, No. 3:18-cv-01170-DMS-NLS (S.D. Cal.) (dismissed on December 10, 2018 for failure to state a claim and as frivolous); (2) Hammler v. Director of CDCR, No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended complaint, following a screening order dismissing complaint for failure to state a claim);[2] (3) Hammler v. Hudson, No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 after defendants' motion to dismiss was granted because plaintiff's failure to exhaust administrative remedies was apparent on the face of the complaint and attachments thereto);[3] and (4) Hammler v. Hough, No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state a claim and as frivolous); and (5) Hammler v. Hough, No. 19-55732 (9th Cir.) (appeal dismissed on January 9, 2020 as frivolous). Prior to filing this action, Plaintiff has had at least three cases that were dismissed as frivolous or for failure to state a claim. Therefore, Plaintiff is not entitled to proceed in this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In his April 6, 2020 complaint, Plaintiff alleges that he is being

---

[1] The Court takes judicial notice that Plaintiff has also been found to be subject to 28 U.S.C. § 1915(g) in Hammler v. Compose, No. 1:19-cv-01149-DAD-GSA (PC) (E.D. Cal.) findings and recommendations adopted on December 17, 2019).

[2] See Harris v. Mangum, 15-15054, 863 F.3d 1113, 1143 (9th Cir. 2017) (When (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

[3] See El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (Holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint).

deprived of his personal property, which includes his legal property and his television that he needs to listen to evangelistic services. He has to listen to these services three to four times a day "to keep the 'Evil Dupi' and 'Bad Vides' of the Environment from 'vexing his spirit,' in other terms taunting his soul." (Compl. 5, ECF 1.) He filed a grievance that was addressed by the officer who deprived him of his property. Plaintiff received his television on October 20, 2018 and was able to attend services but then he was issued a 90 day loss of his property due to a rule violation. Plaintiff requested to see a psychologist to try to get his television back and was told that he would be seen when the psychologist was done with his current client. Plaintiff thought that correctional officer Burns would interfere with his ability to see the psychologist so told staff to inform the psychologist that he was suicidal. Officer Burns found out about it and went to talk to the psychologist. Plaintiff and Officer Burns ended up in a shouting match and Plaintiff said that he was going to sue him. Officer Burns told him that was his right and asked him if he needed a 602 to file an appeal. The psychologist came to see Plaintiff and he explained what happened. Plaintiff brings multiple claims based on the denial of his freedom to practice religion due to his television set being taken from him.

Plaintiff also submits a notice entitled "Prefiling Order. Request to File New Case Due To Prefiling Order, Imminent Danger." (ECF No. 2.) The request states "Plaintiff is subject to a Prefiling Order and he is accord with said order submits the attached complaint for review, alleging imminent danger is an issued for on-going violations being sought to be abated via injunctive relief." (Id.) Plaintiff attaches a document in which the psychiatric technician has requested a refill of medication for Plaintiff. (Id. at 2.)

The allegations in the complaint are not sufficient to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff's complaint contains no allegations demonstrating that he is at imminent danger of serious physical injury. The incidents alleged in the complaint occurred in 2018 through the beginning of 2019 and involved a deprivation of property that Plaintiff contends violated his right to free exercise of religion.

Finding that Plaintiff is precluded from proceeding without prepayment of fees under section 1915(g) and that the complaint does not allege that he is in imminent danger, IT IS

3

HEREBY ORDERED that, within **fourteen (14) days** of the date of service of this order, Plaintiff shall either 1) show cause in writing why this case should not be dismissed for failure to pay the filing fee; or 2) pay the full $400.00 initial filing fee in full to proceed with this action. **<u>Plaintiff's failure to comply with this order will result in dismissal of this action.</u>** If, after receiving this order, Plaintiff no longer wishes to pursue this action, he shall file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:  **April 8, 2020**

UNITED STATES MAGISTRATE JUDGE