# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>   Plaintiff,<br><br> v.<br><br>MR. J. BURNS, et al.,<br><br>   Defendants. | Case No.  1:20-cv-00489-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE ACTION BE DISMISSED FOR FAILURE TO PAY THE FILING FEE<br><br>(ECF No. ) |

Allen Hammler ("Plaintiff"), a state prisoner, is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed a complaint and a motion to file a new case in this action on April 6, 2020.[1] Plaintiff did not pay the filing fee or submit an application to proceed in this action *in forma pauperis*.

## I.

## DISCUSSION

On April 9, 2020, the Court ordered Plaintiff to show cause why he should not be

---

[1] As stated in the Court's April 9, 2020 order, Plaintiff's motion stated that he is subject to a prefiling order. However, Plaintiff is subject to a prefiling order in the Southern District of California due to being found to be a vexatious litigant.  See Hammler v. Alvarez, No. 3:18-cv-00326-AJB-WVG (S.D. Cal. Aug. 13, 2019).  Plaintiff does not include a copy of the order in his current filing.  The Court does not find a prefiling order in the Eastern District of California for Plaintiff.  (ECF No. 3.)

1   required to pay the $400.00 filing in fee because he has suffered three or more strikes under 28
2   U.S.C. § 1915(g), and he failed to demonstrate that, at the time of filing the complaint, he was
3   under imminent danger of serious physical injury.  (ECF No. 3.)  Plaintiff filed a response on
4   April 27, 2020.  (ECF No. 4.)

5       In his response, Plaintiff does not dispute that he has suffered three or more strikes under
6   28 U.S.C. §1915(g).  Rather, Plaintiff argues that he is in imminent danger of serious physical
7   injury.  Plaintiff submits that he is a mental health patient and housed in the Administrative
8   Segregation Unit ("ASU") at California State Prison, Corcoran.  Plaintiff contends that inmates
9   housed in the ASU for mental health issues are amenable to mental degradation and internal
10  physical dangers.  Plaintiff contends his well-being depends on being able to attend his religious
11  services via television.  However, Plaintiff has been threatened that his television will be taken
12  away.

13      As stated in the Court's April 9, 2020 order, the complaint filed in this action alleges that
14  Plaintiff "is being deprived of his personal property, which includes his legal property and his
15  television that he needs to listen to evangelistic services.  He has to listen to these services three
16  to four times a day "to keep the 'Evil Dupi' and 'Bad Vides' of the Environment from 'vexing
17  his spirit,' in other terms taunting his soul."  (Compl. 5, ECF 1.)  He filed a grievance that was
18  addressed by the officer who deprived him of his property.  Plaintiff received his television on
19  October 20, 2018 and was able to attend services but then he was issued a 90 day loss of his
20  property due to a rule violation.  Plaintiff requested to see a psychologist to try to get his
21  television back and was told that he would be seen when the psychologist was done with his
22  current client.  Plaintiff thought that correctional officer Burns would interfere with his ability to
23  see the psychologist so told staff to inform the psychologist that he was suicidal.  Officer Burns
24  found out about it and went to talk to the psychologist.  Plaintiff and Officer Burns ended up in a
25  shouting match and Plaintiff said that he was going to sue him.  Officer Burns told him that was
26  his right and asked him if he needed a 602 to file an appeal.  The psychologist came to see
27  Plaintiff and he explained what happened.  Plaintiff brings multiple claims based on the denial of
28  his freedom to practice religion due to his television set being taken from him."  (Order at 2-3,

ECF No. 3.)

As the Court previously determined, Plaintiff's complaint contains no allegations demonstrating that he is at imminent danger of serious physical injury.  The incidents alleged in the complaint occurred in 2018 through the beginning of 2019 and involved a deprivation of property that Plaintiff contends violated his right to free exercise of religion.  (Id. at 3.)

As an initial matter, the Court did not grant Plaintiff authorization to demonstrate "imminent" danger as it already determined that, *at the time he filed the complaint*, he failed to demonstrate such danger.  Second, Plaintiff's current contentions relating to his mental health condition are *not connected* to the allegations in his complaint relating to the deprivation of his television to practice his religion, particularly given that the allegations in the complaint relate to incidents that occurred in 2018 and 2019.[2]  Indeed, in the complaint, Plaintiff seeks the following as relief:

> Plaintiff seeks $70,000 dollars on each of the claim(s), separately, seeks $70,000 pun[i]tive on each of the claim(s) separately, and cost of suit/action being brought and maintained - throughout litigation including closing costs and any administrative fees connected and preliminary and permanent injunction precluding punishment Plaintiff in excess of statute, and precluding denial of right to attend religious services via television unless security risk exists.

(Compl. at 32, ECF No. 1.)

Thus, Plaintiff's potential mental health problems do not show he "faced 'imminent danger of serious physical injury' *at the time of filing,*" because Plaintiff presented different claims and grounds for relief.  See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis added).  Third, Plaintiff's long-standing mental health problems do not show he "faced

---

[2] "[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of section 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." Stine v. Fed. Bureau of Prisons, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255337, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)); see also Asemani v. Islamic Republic of Iran, No. 18-cv-06382-CRB (PR), 2019 WL 366492, at *2 (N.D. Cal. Jan. 3, 2019) (same); Williams v. Allison, No. 3:19-cv-00087-BAS-BGS, 2019 WL 1077551, at *2 (S.D. Cal. Mar. 7, 2019) (same).

1  'imminent danger of serious physical injury' at the time of filing," and Plaintiff's current claims

2  are based on nothing more than speculation.[3]  Accordingly, Plaintiff is not entitled to proceed in

3  forma pauperis, and he should be ordered to pay the filing fee in full or suffer dismissal of the

4  action.

5                                                          II.

6                                      ORDER AND RECOMMENDATION

7          Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall

8  randomly assign a Fresno District Judge to this action.

9          Further, it is HEREBY RECOMMENDED that Plaintiff be required to pay the $400.00

10  filing fee for this action as he is not entitled to proceed in forma pauperis.

11          This Findings and Recommendation will be submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

13  **days** after being served with this Findings and Recommendation, Plaintiff may file written

14  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

16  specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

17  838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18

19  IT IS SO ORDERED.

20  Dated:  __April 29, 2020__

21                                                          UNITED STATES MAGISTRATE JUDGE

22

23  [3] The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the
    complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent

24  danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n. 11..
    Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To

25  meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical
    injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton,

26  319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v.
    Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for

27  genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d
    526, 531 (7th Cir. 2002).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28