UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>      Plaintiff,<br><br>    v.<br><br>MR. J. BURNS, et al.,<br><br>      Defendants. | No. 1:20-cv-00489-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 6) |

      Plaintiff Allen Hammler is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 9, 2020, the assigned magistrate judge issued an order to show cause within fourteen (14) days why this case should not be dismissed for plaintiff's failure to pay the filing fee. (Doc. No. 3.) Plaintiff filed a response on April 27, 2020. (Doc. No. 4.) On April 30, 2020, the magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to pay the filing fee. (Doc. No. 6.) The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen (14) days. (*Id*. at 4.) On June 30, 2020, the magistrate judge granted plaintiff thirty (30) days from the date of service of that order to file objections to the pending findings and recommendations. (Doc. No. 12.) Plaintiff filed objections on July 14, 2020. (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In plaintiff's objections, he reiterates that his mental health assessment dated December 3, 2018 recommended that defendant Munoz not take plaintiff's television away, as this could cause plaintiff to mentally decline and subject him to physical danger. (Doc. No. 13 at 2.) Plaintiff notes that this opinion came from a licensed psychologist. (*Id.* at 3.) Plaintiff's objections still do not, however, suggest that he was in imminent danger *when he initiated this action*. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (noting that "the availability of the [imminent-danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). Thus, plaintiff's objections provide no basis to question the magistrate judge's analysis.

Accordingly,

1. The April 30, 2020 findings and recommendations (Doc. No. 6) are adopted in full;
2. This action is dismissed due to plaintiff's failure to pay the $400.00 filing fee; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 14, 2020**__      _____
                                   UNITED STATES DISTRICT JUDGE